*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BRADLEY ALAN BERKLUND,

      Defendant-Appellant.

FOR PUBLICATION
October 23, 2024
12:18 PM

No. 367568
Newaygo Circuit Court
LC No. 2023-013203-FH

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

O'BRIEN, J.

In this interlocutory appeal, defendant, on leave granted,[1] challenges the trial court's decision under MCL 768.27b(1) to allow the prosecution to introduce evidence that defendant previously committed sexual assault. Defendant is facing trial for one count of assault with intent to do great bodily harm less than murder or by strangulation, MCL 750.84(1)(a) or (b), and one count of unlawful imprisonment, MCL 750.349b(1)(c), for allegedly assaulting KR, who used to reside with defendant and his wife.

MCL 768.27b(1) provides, "Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under" MRE 403. In his brief on appeal, defendant does not dispute that he is accused of an offense involving domestic violence within the meaning of MCL 768.27b, nor does he contest that the prosecution is seeking to introduce evidence of defendant's commission of other acts of sexual assault. Defendant instead argues that MCL 768.27b(1) only permits evidence of a defendant's commission of other acts of sexual assault to be admitted when the defendant is accused of an offense involving sexual assault, not when, as here, the defendant is accused of an offense involving domestic violence. We disagree. MCL 768.27b(1) plainly states that, when a defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of

---

[1] *People v Berklund*, ___ Mich ___; 4 NW3d 487 (2024).

other acts of domestic violence or sexual assault is admissible provided that it is relevant and not excluded by MCL 768.27b(4) or MRE 403.

Defendant also contests the admissibility of evidence that he previously committed sexual assault on grounds that (1) the evidence is not relevant to the domestic-violence-related charges that defendant is currently facing and (2) even if relevant, the evidence's probative value is substantially outweighed by the danger of unfair prejudice and should have been excluded by MRE 403. We disagree with both arguments and accordingly affirm.

## I. BACKGROUND

At defendant's preliminary examination, KR testified that she graduated high school in 2018 and, while there, "took special needs classes" because she had difficulty reading. After completing high school, KR met defendant and his wife at her job, and she moved in with the couple in December 2021. The couple asked KR to have defendant's baby due to fertility issues, and KR agreed. She and defendant had sexual intercourse on four occasions while she lived with the couple. In July 2022, KR moved out after an argument with defendant's wife.

KR testified that, less than two weeks later, she accepted defendant's offer to meet up and smoke marijuana. She used GPS to drive to the agreed-upon meeting location, which was in a heavily-wooded area along a dirt two-track. When KR arrived, defendant was already there, standing outside his truck. KR and defendant got into defendant's truck, and defendant drove KR to "this narrow area with a lot of trees."

Once defendant stopped his vehicle, they both got out. Defendant directed KR to "go look," and as she did, defendant approached her from behind, put his hands around her throat, and began choking her. Defendant then pulled KR to the ground, tied her hands with a rope, "poured water down . . . [her] throat," and "duct taped" her mouth closed so she would stop screaming. Defendant proceeded to choke KR several more times, punch her in the ear and face several times, and tear off her eyebrow ring. According to KR, defendant said that he was doing this because KR did not spend enough time with her children, lost her job, and refused to move back in with him. Defendant did not stop until KR "peed" herself. He then smashed KR's phone, poured water on it, untied KR, and left the area. KR eventually made her way to a gas station where she called 911. After talking with the police, KR went the hospital.

Following KR's testimony and the parties' arguments, the district court bound defendant over to the circuit court as charged.

Once in circuit court, the prosecution filed notice of its intent to introduce evidence of a sexual assault committed by defendant pursuant to MCL 768.27b. According to the prosecution, "[i]n 2004, the defendant raped a 14-year-old girl at knifepoint." The prosecution alleged that defendant drove a 14-year-old girl to a secluded wooded area where defendant tried to have sex with her while she repeatedly told defendant "no." After the victim resisted his advances, defendant took a folding pocket knife out of the glovebox and pressed the blade against the victim's neck. The victim continued to tell defendant "no," but defendant pressed the blade tighter and inserted his penis into the victim's vagina. The victim reported the crime to authorities within several days of its commission, and a sexual assault kit was completed. Defendant was convicted of first-degree criminal sexual conduct for this incident.

-2-

Defendant responded to the prosecution's notice by objecting to the use of his prior conviction as other-acts evidence. As relevant to this appeal, defendant argued that evidence that he previously committed sexual assault was not admissible under MCL 768.27b because (1) prior acts of sexual assault could only be admitted in prosecutions for sexual assault, and defendant was not charged with sexual assault in this matter; (2) the nearly 20-year-old sexual-assault conviction lacked any relevance to a determination of defendant's guilt or innocence in this case because the other act was too remote in time, involved a different victim, and the charged offenses were not sexual in nature; and (3) any probative value attributable to the other-acts evidence was outweighed by the danger of unfair prejudice in light of the differing factual circumstances between the other act and the charged offenses.

At the hearing on defendant's objection, the trial court confirmed that defendant knew the 14-year-old girl whom he sexually assaulted. Then, after listening to the parties' arguments, the court overruled defendant's objection. The court first concluded that MCL 768.27b was applicable because defendant was charged with a crime involving domestic violence within the meaning of the statute, see MCL 768.27b(6)(a)(*i*) and (b)(*ii*), and the prosecution was seeking to admit evidence of defendant's commission of other acts of sexual assault as permitted by MCL 768.27b(1). As for whether the evidence was relevant and survived the balancing test required by MRE 403, the trial court explained:

> So, the Court next determines that the probative value of this [evidence] is high for propensity, which is the purpose that's allowed under the statute.

> And then we have to look at the prejudicial nature of the information. Now, kind of the only thing that cuts against the probative nature is the age of this offense, but the statute specifically allows older offenses to be used. If they wanted to have some open bar of something being too old, they could have put in that 10 years, 15 years, 20 years, they could have set that outside limit as to how old something could be.

> This case—[b]oth these cases involve someone that is known to the defendant. They both allegedly involve taking these individuals to someplace that poses a higher risk. Certainly, there was violence used in both cases, a knife in the one case and beating and gaging and binding supposedly in this case. So, I think the danger of any unfair prejudice is low. Clearly, it's prejudicial, but it's not unfair given the facts and circumstances of both these cases.

> So the Court is going to order—allow the testimony pertaining to that.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Dixon-Bey*, 321 Mich App 490, 496; 909 NW2d 458 (2017). When the decision to admit or exclude evidence involves a preliminary question of law, such as whether the evidence falls within the

-3-

ambit of a statute, the question is reviewed de novo. *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021).

### III.  MCL 768.27B(1)

Defendant first argues that MCL 768.27b(1) does not permit evidence that a defendant previously committed sexual assault to be admitted when the defendant is accused of an offense involving domestic violence.  We disagree.

Addressing defendant's argument requires interpreting the language of MCL 768.27b(1). When construing a statute, the primary objective is ascertaining and giving effect to the Legislature's intent. *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003).  This inquiry begins with the text of the statute itself. *Watkins*, 491 Mich at 467.  If a statute's language is clear and unambiguous, "no further judicial construction is required or permitted, because the Legislature is presumed to have intended the meaning it plainly expressed." *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001).

MCL 768.27b(1) states:

> Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

The plain language of this statute evidences three express limitations on the introduction of prior acts of domestic violence or sexual assault in current prosecutions for offenses involving domestic violence or sexual assault.  First, the introduction of such evidence is limited by subsection (4), which precludes the admission of "[e]vidence of an act occurring more than 10 years before the charged offense" unless certain listed exceptions apply.  MCL 768.27b(4).[2] Second, the introduction of such evidence is barred where the evidence is "excluded under Michigan rule of evidence 403."  MCL 768.27b(1).  Otherwise, the evidence is "admissible for any purpose for which it is relevant."  MCL 768.27b(1).  This makes relevancy, as defined in MRE 401 and MRE 402, the third express limitation in MCL 768.27b(1) on the admission of prior acts of domestic violence or sexual assault in current prosecutions for offenses involving domestic violence or sexual assault.  See *Propp*, 508 Mich at 386 n 4 (explaining that the use of "relevant" in MCL 768.27b(1) "can only be taken as referring to MRE 401 and MRE 402").

Defendant argues that MCL 768.27b(1) places an additional limitation on the introduction of prior acts of domestic violence or sexual assault in current prosecutions for offenses involving domestic violence or sexual assault.  According to defendant, evidence of a prior act of sexual

---

[2] Here, defendant committed the sexual assault more than 10 years before the instant offense, but evidence of the prior sexual assault was not precluded by MCL 768.27b(4) because the sexual assault "was reported to law enforcement within 5 years of the date of the sexual assault," MCL 768.27b(4)(a), and "a sexual assault evidence kit was collected," MCL 768.27b(4)(b).

assault is *only* admissible under MCL 768.27b(1) in a current prosecution for an offense involving sexual assault, and evidence of a prior act of domestic violence is *only* admissible under MCL 768.27b(1) in a current prosecution for an offense involving domestic violence. Defendant accordingly argues that MCL 768.27b(1) does not allow evidence of a prior act of sexual assault to be admitted in a current prosecution for an offense involving domestic violence.

This limitation is not apparent from the text of the statute. Again, MCL 768.27b(1) states that "in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible" subject to the three limitations discussed above. The plainly expressed meaning of this language is that, when a defendant is charged with an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible under MCL 768.27b(1) subject to the three limitations identified above. The same is true when a defendant is charged with an offense involving sexual assault—evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible under MCL 768.27b(1) subject to the three limitations identified in this opinion.

Defendant argues that this reading of the statute does not give proper meaning to the Legislature's second use of "or" in MCL 768.27b(1). In support of this argument, defendant relies on the distinction between "and" and "or"—"and" is a conjunction that means "with," "as well as," and "in addition to," *Amerisure Ins Co v Plumb*, 282 Mich App 417, 428; 766 NW2d 878 (2009) (quotation marks and citation omitted), whereas "or" is a disjunctive term "used to indicate a disunion, a separation, an alternative." *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011) (quotation marks and citation omitted). Defendant argues that if the Legislature had intended for prior acts of domestic violence *and* prior acts of sexual assault to be admissible under MCL 768.27b(1) in a current prosecution for an offense involving domestic violence *or* sexual assault, then the Legislature would have stated that "in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence *and* sexual assault is admissible . . . ."

Defendant has, at most, identified language giving rise to an ambiguity in the statute, which is not unusual in these circumstances.[3] We do not believe that the statute is ambiguous, however,

---

[3] "It is well-established that the word 'or' is often misused in statutes and it gives rise to an ambiguity in the statute because it can be read as meaning either 'and' or 'or.' " *People v Gatski*, 260 Mich App 360, 365; 677 NW2d 357 (2004). While "and" and "or" are not interchangeable, "their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context." *People v Humphreys*, 221 Mich App 443, 452; 561 NW2d 868 (1997) (quotation marks and citation omitted). This Court has explained that the purpose of MCL 768.27b is to give the factfinder "a full and complete picture of a defendant's history" when he or she is accused of an offense involving domestic violence or sexual assault because that history "tend[s] to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks and citation omitted). This purpose is served by allowing in evidence about the defendant's history so long as

-5-

because the manner in which the Legislature chose to construct MCL 768.27b makes plain that it intended for evidence that a defendant previously committed an offense involving sexual assault to be admissible in a current prosecution in which the defendant is accused of an offense involving domestic violence, and vice versa. See *Watkins*, 491 Mich at 468 ("We are also mindful of the need to read statutory provisions as a whole, focusing on not only the individual words and phrases but also the placement of those words and phrases in the context of the broader legislative scheme.").

The Legislature in MCL 768.27b(1) did not differentiate between prosecutions for offenses involving domestic violence and prosecutions for offenses involving sexual assault. Rather, the Legislature placed the law governing the admission of propensity evidence in prosecutions for these two types of offenses in the same subsection of the same statute. This evidences the Legislature's intent for these types of offenses to be considered together. If the Legislature intended for the prosecutions of these offenses to be considered separately, it could have made that intention clear by placing the law governing the kind of propensity evidence admissible in prosecutions for the different offenses in different statutes or different subsections. The Legislature plainly knew how to do this, as evidenced by MCL 768.27a. That statute provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). We cannot simply ignore the fact that the Legislature in MCL 768.27b(1) chose to address the admission of propensity evidence in prosecutions for offenses involving domestic violence and prosecutions for offenses involving sexual assault in the same section of the same statute, especially when the Legislature addressed propensity evidence in prosecutions for other offenses in a different statute. Our interpretation thus gives effect to the Legislature's decision to address prosecutions involving domestic violence and prosecutions for offenses involving sexual assault together in MCL 768.27b(1). That is, our application gives effect to the manner that the Legislature chose to construct MCL 768.27b(1). See *Watkins*, 491 Mich at 468.

Defendant's interpretation, in contrast, overlooks the fact that the Legislature in MCL 768.27b(1) addressed actions in which the defendant is accused of an offense involving domestic violence together with actions in which the defendant is accused of an offense involving sexual assault. He offers no explanation for why the Legislature would address prosecutions involving these different types of offenses together if the Legislature intended for prosecutions of the different offenses to be considered separately.[4]

---

it is relevant and otherwise admissible. This purpose is *not* served by adding judicially-created exceptions to MCL 768.27b(1) that are not apparent from the plain text of the statute. Thus, if we were to conclude that the statute was ambiguous, the conclusion of this opinion would be the same.

[4] Defendant principally relies on the legislative history of MCL 768.27b in support of his reading of the statute. Legislative history is generally given little significance, *People v Olney*, 333 Mich App 575, 581; 963 NW2d 383 (2020), but even considering it here, the legislative history cited by defendant does not clearly support his argument. When MCL 768.27b was amended to include prosecutions for offenses involving sexual assault and a defendant's commission of other acts of

-6-

We accordingly conclude that, in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of sexual assault is admissible under MCL 768.27b(1) so long as the evidence is not excluded by MCL 768.27b(4) or MRE 403, and is relevant. MCL 768.27b(1).

## IV. RELEVANCY

Defendant next argues that evidence that he previously committed sexual assault was not relevant to the current prosecution against him for offenses involving domestic violence. We disagree.

Evidence is logically relevant if it is material and probative. *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). See also MRE 401. Evidence is material if it is related to a fact that is of consequence to the action. *Id*. at 388. Evidence is probative if it "tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. at 389-390.

"[P]ropensity evidence is logically relevant" because "[a] person who has committed an offense may be more likely to commit that or another offense than a person who has not committed that or any other offense." *People v Engelman*, 434 Mich 204, 243 n 23; 453 NW2d 656 (1990) (LEVIN, J., concurring). MRE 404(b) generally excludes the admission of propensity evidence— the rule prohibits evidence of a defendant's other crimes, wrongs, or acts to prove the defendant's propensity to commit such acts. The reason for this general prohibition on propensity evidence is not because such evidence is irrelevant but because "propensity evidence might weigh too much with the jury and . . . so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Watkins*, 491 Mich at 468-469 (quotation marks and citation omitted). See also *Michelson v United States*, 335 US 469, 475-476; 69 S Ct 213; 93 L Ed 168 (1948) ("The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity

_____

sexual assault, see 2018 PA 372, a legislative analysis stated, "Where relevant evidence is already admissible in domestic violence criminal actions, the bill would add that, for sexual assault criminal actions, evidence of the defendant's commission of other acts of sexual assault is also admissible." House Legislative Analysis, HB 5658 (April 17, 2018). On the basis of this statement, defendant concludes that "the legislative analysis history limits use of prior sexual assault to sexual assault criminal actions." But that is not a logical extension of the statement in the legislative analysis. The legislative analysis states circumstances in which a defendant's commission of other acts of sexual assault would be admissible, but it does not set a limit on those circumstances. In other words, the fact that a defendant's commission of other acts of sexual assault would be admissible in prosecutions of an offense involving sexual assault does not mean that the same other-acts evidence would not be admissible in a prosecution for an offense involving domestic violence. The statement relied on by defendant simply does not speak to the latter circumstances.

to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").

MCL 768.27b is an exception to this general bar on propensity evidence; in prosecutions for offenses involving domestic violence or sexual assault, MCL 768.27b permits evidence of a defendant's prior commission of domestic violence or sexual assault to show the defendant's character or propensity to commit such acts. See *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010). See also *People v Mack*, 493 Mich 1, 3; 825 NW2d 541 (2012) (recognizing that MCL 768.27b "expanded the admissibility" of certain propensity evidence "beyond the scope permitted by MRE 404(b)(1)," and holding that this "does not infringe on [the Michigan Supreme] Court's authority to establish rules of 'practice and procedure' under Const 1963, art 6, § 5"). This reflects a legislative determination that juries should have "a full and complete picture of a defendant's history" when the defendant is accused of domestic violence or sexual assault because that history "tend[s] to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks and citation omitted). See also *People v Schultz*, 278 Mich App 776, 779; 754 NW2d 925 (2008) ("[MCL 768.27b] reflects a policy decision that, in certain cases, juries should have the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords.") (Quotation marks and citation omitted); *Watkins*, 491 Mich at 475-476 (using similar reasoning in the context of MCL 768.27a).

Defendant argues that evidence he previously committed a sexual assault is irrelevant to the current prosecution against him for offenses involving domestic violence. He correctly observes that the prior act differs from the currently charged offenses in several significant ways—the prior act involved the sexual assault of a minor at knifepoint, while the present case involves a 21-year-old woman who was tied up and beaten. Defendant also correctly notes that the sexual assault occurred approximately 20 years before the charged offenses, and the remoteness in time between the sexual assault and the charged offenses weakens the logical relevance of the prior-acts evidence. *People v Yost*, 278 Mich App 341, 405; 749 NW2d 753 (2008).

Defendant's argument, however, ignores several important commonalities between the prior sexual assault committed by defendant and the current offenses involving domestic violence allegedly committed by defendant. In both cases, defendant preyed on vulnerable and unsophisticated individuals, isolated those individuals in secluded wooded areas, and then brutalized his helpless victims either sexually or physically. Defendant in both cases also used force to ensure that the victims would not resist while defendant assaulted them—defendant held a knife to the 14-year-old's throat so she would not resist while he raped her, and he bound KR's hands with a rope and taped her mouth with duct tape so she could not resist or call for help while he physically assaulted and abused her.

In light of these commonalities, the prior-act evidence is relevant to supporting KR's credibility by showing a common plan or scheme for selecting victims and locations where defendant can brutalize helpless victims without the risk of being interrupted. In other words, the prior-acts evidence is relevant because it tends to show that it is more probable than not that KR is telling the truth in describing the assault by defendant, and whether she is telling the truth has significant probative value in determining whether defendant committed the charged assaults. See *Watkins*, 491 Mich at 491 (explaining that the other-acts evidence was relevant in part because it

-8-

"supported the victim's credibility" and "presented circumstances similar to those underlying the charged offense"). Additionally, the prior acts evidence will provide the jury with a more complete picture of defendant's history, consistent with the legislative policy underlying MCL 768.27b. See *Cameron*, 291 Mich App at 610. The prior-acts evidence also demonstrates defendant's propensity to commit violent acts against women, and such propensity evidence is not improper in these circumstances. See *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018) (recognizing that MCL 768.27b permits certain other-acts evidence "even to show propensity").

In sum, while defendant is correct that the prior sexual assault was not identical to the charged offenses, the prior act does not have to be identical to the charged offense to be relevant and possibly admissible under MCL 768.27b. See *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). Evidence that defendant previously committed sexual assault is relevant to proving that defendant committed the offenses involving domestic violence at issue in this case because it supported KR's credibility, presented circumstances similar to those underlying the charged offense, provided the jury with a more complete picture of defendant's history, and demonstrated defendant's propensity to commit the type of conduct with which he was charged.

## V. MRE 403

Defendant also argues that evidence he previously committed sexual assault should be excluded under MRE 403 because the evidence's probative value is substantially outweighed by the danger of unfair prejudice. We disagree.

As pertinent here, MRE 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial if it has a tendency "to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994).

In *Watkins*, our Supreme Court held that the propensity inference derived from other-acts evidence admissible under MCL 768.27a should weigh in favor of the evidence's probative value, not its prejudicial effect, explaining:

> As with any balancing test, MRE 403 involves two sides of a scale—a probative side and a prejudicial side. Propensity evidence is prejudicial by nature, and it is precisely the danger of prejudice that underlies the ban on propensity evidence in MRE 404(b). Yet were a court to apply MRE 403 in such a way that other-acts evidence in cases involving sexual misconduct against a minor was considered on the prejudicial side of the scale, this would gut the intended effect of MCL 768.27a, which is to allow juries to consider evidence of other acts the defendant committed to show the defendant's character and propensity to commit the charged crime. To weigh the propensity inference derived from other-acts evidence in cases involving sexual misconduct against a minor on the prejudicial side of the balancing test would be to resurrect MRE 404(b), which the Legislature rejected in MCL 768.27a. [*Watkins*, 491 Mich at 486.]

The same is true for MCL 768.27b.[5]  Accordingly, when applying MRE 403 to evidence admissible under MCL 768.27b, courts should weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect.  Accord *Watkins*, 491 Mich at 487.[6]

But, as with MCL 768.27a, this does not mean that other-acts evidence admissible under MCL 768.27b may never be excluded by MRE 403.  The same nonexhaustive list of considerations identified in *Watkins* applies:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony.  This list of considerations is meant to be illustrative rather than exhaustive.  [*Watkins*, 491 Mich at 487-488.]

These considerations provide "a tool to facilitate, not a standard to supplant," a trial court's MRE 403 analysis.  *People v Uribe*, 499 Mich 921, 921 (2016).

The trial court's MRE 403 analysis in this case generally focused on the first and second considerations listed in *Watkins*.  The court recognized that the prior sexual assault took place nearly 20 years ago, but it reasoned that this was not dispositive because MCL 768.27b itself permitted older offenses to be admitted in certain circumstances, such as those present in this case. The court also focused on the similarities between the two offenses—both involve someone known to defendant, "both allegedly involve taking these individuals to someplace that poses a higher risk," and both involve the use of violence.  Additionally, the court concluded that the evidence's probative value was "high for propensity," which the court correctly noted was "allowed under the statute."  See *Railer*, 288 Mich App at 219-220.  The court also recognized that, while the evidence was prejudicial, it was not unfairly so "given the facts and circumstances of both these cases."

The trial court did not abuse its discretion by concluding that evidence defendant previously committed sexual assault was not excluded by MRE 403.  The trial court appropriately

---

[5] Our Supreme Court has cautioned against reliance on *Watkin*'s analysis of MCL 768.27a when analyzing MCL 768.27b, see *Propp*, 508 Mich at 385, but the warning in *Propp* was due to textual differences between the two statutes that do not affect the present analysis.

[6] This conclusion is nothing new.  Ever since *Watkins* was decided, this Court (in unpublished opinions) has routinely relied on it for the proposition that, when analyzing whether evidence submitted under MCL 768.27b is excluded by MRE 403, the propensity inference of the evidence is weighed in favor of the evidence's probative value, not its prejudicial effect.  See *People v Flanagan*, unpublished per curiam opinion of the Court of Appeals, issued November 29, 2012 (Docket No. 305762), p 3; *People v Sweeney*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2017 (Docket No. 330662), p 7; *People v Buelteman*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2020 (Docket No. 347272), p 3; *People v Gonzalez*, unpublished per curiam opinion of the Court of Appeals, issued November 17, 2022 (Docket No. 354251), p 6; *People v Mathey*, unpublished per curiam opinion of the Court of Appeals, issued July 18, 2024 (Docket No. 363120), p 3.

used the considerations from *Watkins* as a tool to facilitate its analysis, but it did not rely on those considerations to supplant its MRE 403 analysis. *Uribe*, 499 Mich at 921. The court also correctly recognized that evidence defendant previously committed sexual assault would be prejudicial in the sense that it would "attempt to prove that [the] defendant committed the crime" with which he was charged, *Pickens*, 446 Mich at 336-337, but would not be *unfairly* prejudicial because, for the reasons explained, the evidence's propensity inferences weigh in favor of the evidence's probative value, not its prejudicial effect. Evidence that defendant previously committed sexual assault is also relevant to proving that defendant committed the offenses involving domestic violence at issue in this case because, as explained, the evidence supported KR's credibility, presented circumstances similar to those underlying the charged offense, and provided the jury with a more complete picture of defendant's history.

It is not otherwise apparent that evidence defendant previously committed sexual assault will either inject considerations extraneous to the merits of the lawsuit, see *id*. at 337, or stir such passion in the jury as to "divert the jury from rational consideration of [defendant's] guilt or innocence of the charged offenses," *Cameron*, 291 Mich App at 611-612. And to any extent that a danger of unfair prejudice may persist, the trial court can minimize that danger by instructing the jury on the proper use of the other-acts evidence. This will lessen any danger of unfair prejudice because jurors are presumed to follow their instructions. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Because evidence of defendant's prior sexual assault is highly relevant and it is not apparent that the evidence will be unfairly prejudicial (particularly in light of a limiting instruction), the trial court did not abuse its discretion when it concluded that the evidence's probative value was not *substantially* outweighed by the danger of unfair prejudice. That is, the trial court did not abuse its discretion by refusing to exclude evidence that defendant previously committed sexual assault under MRE 403. See *People v Mardlin*, 487 Mich 609, 627; 790 NW2d 607 (2010) (explaining that, because "[t]he trial court is in the best position to make MRE 403 determinations on the basis of a contemporaneous assessment of the presentation, credibility, and effect of testimony," a trial court's decision regarding whether evidence should be excluded under MRE 403 should only be reversed if an appellate court identifies "a clear abuse of discretion") (quotation marks and citations omitted).

Affirmed.


/s/ Colleen A. O'Brien
/s/ James Robert Redford